IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA COLLINS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI | : | NO. 22-2841 |

**O P I N I O N**

SCOTT W. REID  
UNITED STATES MAGISTRATE JUDGE
        DATE:  February 28, 2023

      Natasha Collins brought this action under 42 U.S.C. §405(g) to obtain review of the decision of the Commissioner of Social Security denying her claim for survivor's benefits following the death of Richard Coaxum.  The Commissioner responded to her complaint with a motion to dismiss the action for lack of jurisdiction, to which Collins has responded with a praecipe to enter default judgment against the Commissioner.  As explained below, I conclude that Commissioner's motion to dismiss must be granted.

I.    *Factual and Procedural Background*

      In August, 2011, Collins filed a claim for survivor's benefits as the common-law wife of Richard Coaxum, as described above.  Exhibit 1 to *Declaration of Janay Podraza, Court Case Preparation and Review, Social Security Administration*, ("*Podraza Declaration"),* attached to Commissioner's Motion to Dismiss, at ECF page 7/12.  Her claim was denied initially and upon reconsideration.  *Id*.

      Collins then sought *de novo* review by an Administrative Law Judge ("ALJ").  *Id*.  She waived her right to appear in person at a hearing, so the ALJ made her decision based upon the evidence in the administrative record.  *Id*.  On December 18, 2012, the ALJ issued a written decision denying relief on the basis that Collins had not established that she and Richard

Coaxum established a valid common-law marriage under the law of Pennsylvania, the state in which Ms. Collins was domiciled.  *Id*. at ECF page 12/12.

In the ALJ's cover letter to her decision, she explained to Collins that she had the right to file an appeal with the Appeals Council within 60 days of her receipt of the letter.  *Id*. at 4/12.  The letter set forth the address where Collins could send an appeal.  *Id*.  According to the Commissioner, there is no evidence that Collins ever appealed the ALJ's December 18, 2012, denial of benefits to the Appeals Council.

Collins alleges that she did obtain Appeals Council Review.  ECF Document 14 at 4/61.  She has not, however, supported her assertion with any documents or other evidence.  Collins has submitted the ALJ's December 18, 2012, decision, and has also submitted other documents from much later which evidence an initial denial of "mother's benefits" on October 3, 2021 (Complaint, ECF Doc. 1 at 22/35); a denial upon reconsideration dated November 13, 2021 (*Id*. at 33/35); and her request for a hearing before an ALJ dated November 30, 2021 (*Id*. at ECF page 25/35).  The significance of the 2021 documents to her 2011 claim for survivor's benefits is unclear.

On July 18, 2022, Collins filed the present action.  Some delay in this case was caused by the Commissioner's confusion as to whether Collins' action pertained to her application for survivor's benefits, or to her own application for Supplemental Security Income, which was filed on January 21, 2021.  More delay was caused by the Court's initial failure to determine whether Collins consented to magistrate judge jurisdiction.

On January 31, 2023, however, the Commissioner filed the motion now under consideration, in which it seeks dismissal of Collins' complaint on the basis that she failed to exhaust her administrative remedy as required to file this federal action.  The Commissioner

refers in its motion solely to Collins's 2011 claim for survivor's benefits. She does not discuss the 2021 documents attached to Collins' complaint. The source and significance of these documents therefore remain unclear.

On February 23, 2023, Collins filed a praecipe to enter a default judgment against the Commissioner "for failure to answer or otherwise respond to the Complaint." ECF Document 20, at ECF page 1/8.

II.     *Relevant Law*

Under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3)[1], which provide the exclusive jurisdictional basis for judicial review of an Agency decision, an individual may obtain review of a denial of benefits in a timely civil action only after having obtained a "final decision of the Commissioner of Social Security." As explained by the United States Supreme Court in *Smith v. Berryhill*:

> Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court. First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. **Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council**.

139 S. Ct. 1765, 1772 (2019). (Emphasis supplied).

Further, a party who seeks Appeal Council review must file a request within 60 days of receiving the ALJ's ruling, in the absence of "good cause for missing the deadline." *Id*., citing 42 U.S.C. §416.1468.

---

[1] 42 U.S.C. §1383(c)(3) pertains to Supplemental Security Income, and provides: "The final determination of the Commission of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

III.     *Discussion*

As above, Collins has asserted that she obtained review by the Appeals Council. ECF Document 14 at 4/61. In as far as she is referring to her 2011 application for widow's benefits, there is no evidence that this is so. The Commissioner has supported her assertion that this matter was not exhausted at the administrative level with a sworn declaration by Janay Podraza, an Agency Court Case and Preparation and Review professional. Collins, on the other hand, has not offered any evidence in support of her assertion. In the absence of a final decision from the Appeals Council, this Court has no jurisdiction to consider this case. 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3); *Smith v. Berryhill*, 139 S. Ct. at 1772. Accordingly, the Commissioner's Motion to Dismiss must be granted.

It appears likely that the 2021 documents Collins has submitted come from some third claim Collins filed with the Agency, distinct from the 2011 claim for survivor's benefits, and from her 2021 claim for SSI benefits. Collins may have seen herself as appealing the 2012 and 2021 claim denials at the same time in this case. This Court cannot dismiss as unexhausted a case which has never formally been identified to it. I note, however, that the documents show only an initial denial of "mother's benefits" on October 3, 2021; a denial upon reconsideration on November 13, 2021; and a request for a hearing before an ALJ on November 30, 2021. There is no evidence that Collins obtained either an ALJ denial or a final decision from the Appeals Council regarding the November 13, 2021 denial of benefits.

Finally, Collins's praecipe for the entry of a default judgment cannot be entertained, both because the Court has no jurisdiction over this case, and because the Commissioner has obviously responded to Collins' filings.

IV. *Conclusion*

For the reasons set forth above, the Court will enter an Order on this day, granting the Commissioner's Motion to Dismiss Plaintiff's Complaint.

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE